# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF KENTUCKY

### AT COVINGTON*

CIVIL CASE # 2021 - _____ JUDGE:_____

1. **THE ESTATE OF ANDREW JACOB MCINTYRE**,

Douglas Ray McIntyre, Administrator

138 Bear's Trail

Ghent, Gallatin County, Kentucky 41045, and

2. **THE ESTATE OF RATASHA LOUISE MCINTYRE,**

Lori Ann Welch Noble, Administrator

3670 Carlisle Road

Carrollton, Kentucky 41008, and

///// **COMPLAINT** /////

**AND**

///// **JURY DEMAND** /////

3. **Morgan Jane McIntyre, a Minor**

B/N/F and Legal Guardian Mrs. Donna Welch

3874 Carlisle Road

Carrollton, Kentucky 41008, and

4. **Lillian Sue Anna McIntyre, a Minor**

B/N/F and Legal Guardian Mrs. Donna Welch

3874 Carlisle Road

Carrollton, Kentucky 41008, and

5. **Syera Rayne Hollis, a Minor**

B/N/F and Legal Guardian Mrs. Donna Welch

3874 Carlisle Road

Carrollton, Kentucky 41008                                   **PLAINTIFFS**

1

**Vs.**

**1. SWEEP AMERICA HOLDINGS, L.L.C.**

**SWEEPING CORPORATION OF AMERICA**

510 Interstate Blvd. South,

 Nashville, Tennessee 37210

***REGISTERED AGENT / and Serve:***

***C T CORPORATION SYSTEM***

***306 WEST MAIN STREET, SUITE 512,***

***FRANKFORT, KENTUCKY 40601***;


**2. SCA OF OHIO, L.L.C.**

10136 Mosteller Lane,

West Chester, Ohio 45069

***REGISTERD AGENT / and Serve:***

***Reilly Sweeping, Inc.,***

***20350 Hannan Parkway***

***Walton Hills, Ohio 44146,*** and


**3. "JOHN DOE"**,

The unidentified owner, lessor, lessee, and/or

Operator of the truck in front of the SCA

Dump truck struck from behind


**4. "JOHN DOE #2"**

The sweeper machine and shadow truck's owner(s),

lessor, lessee, operator, safety surveyor and/or safety –

management consulting entity Dump truck struck from behind          **DEFENDANTS**

_____

**COME NOW PLAINTIFFS and Plead as follows:**

## ESTATE PARTIES by COURT APPOINTED ADMINISTRATORS

### Plaintiff Number # 1:

1. The Plaintiff is **THE ESTATE OF ANDREW JACOB McINTYRE**, Douglas Ray McIntyre, Administrator, decedent's biological father, as ordered by Kentucky's Carroll County District Court (2020-P-90) the Administrator being a citizen and resident of Kentucky maintaining his permanent address at 138 Bear's Trail, Ghent, Gallatin County, Kentucky 41045 in this District and Division.

### Plaintiff Number # 2:

2. The Plaintiff is **THE ESTATE OF RATASHA LOUISE McINTYRE,** Lori Ann Welch Noble, Administrator, decedent's biological Mother, as ordered by Kentucky's Carroll County District Court (# 2020-P-91), the Administrator being a citizen and resident of Kentucky, maintaining her permanent address 3670 Carlisle Road, Carrollton, Carroll County, Kentucky 41008.

## MINOR PARTIES by LEGAL GUARDIAN

### Plaintiff Number # 3

**<u>3.</u>** The Plaintiff is Lillian Sue Anna McIntyre, hereinafter **L.S.A.M.**, at all times pertinent hereto a minor of tender years, her birthday January 16, 2013, herein being represented by her next friend and legal Guardian Mrs. Donna Welch, her maternal Grandmother, as ordered by the Carroll County Kentucky District Court, (# 2020-P-092) a citizen and resident of Kentucky maintaining her permanent address in Kentucky as styled.

### <u>Plaintiff Number # 4</u>

**<u>4.</u>**   The Plaintiff is Morgan Jane McIntyre, hereinafter **M.J.M.**, at all times pertinent hereto a minor of tender years, her birthday March 22, 2019, herein being represented by her next friend and legal Guardian Mrs. Donna Welch, her maternal Grandmother, as ordered by the Carroll County Kentucky District Court, (# 2020-P-094) Plaintiff being a citizen and resident of Kentucky maintaining her permanent address as styled.

### <u>Plaintiff Number # 5</u>

**<u>5.</u>**   The Plaintiff is Syera Rayne Hollis, hereinafter **S.R.H.**, at all times pertinent hereto a minor of tender years, her birthday on October 25, 2008, herein being represented by her next friend and legal Guardian Mrs. Donna Welch, her maternal Grandmother, as ordered by the Carroll County Kentucky District Court, (# 2020-P-093) a citizen and resident of Kentucky maintaining her permanent address as styled.  **S.R.H.** was not in the wreck, having stayed home with her maternal great grandmother.

**Vs.**

### Defendant Number # 1:

**6.** The Defendant is '**SWEEPING CORPORATION OF AMERICA, INC.**', at all times

pertinent hereto a foreign corporation organized under the laws of

Tennessee, authorized to do business in Kentucky and conducting operations

on Kentucky highways including I – 71/75 in this district and division in Kenton

County December 9th and 10th, 2020, and being Kentucky Vendor # 036067,

with a permanent business address registered as 510 Interstate Blvd. South,

Nashville, Tennessee 37210, their registered serving agent in Kentucky being

C.T. Corporation System, 306 Main Street, Suite 512, Frankfort, Kentucky

40601.

### Defendant Number # 2:

**7.** The Defendant is '**SCA OF OHIO, L.L.C.'**, at all times pertinent hereto a foreign

company organized under the laws of Ohio, conducting business operations

and operating commercial trucks including parked dump truck(s) on I - 71/75

in Kenton County Kentucky one being VIN # 2HTMMMAAL86H20619; USDOT

# 00638708, License Plate # PKV4719, parked on the inside emergency lane of

S/B I – 71-75 December 9th – 10th, 2020, said truck owner maintaining its

permanent business address at 10136 Mosteller Lane, Westchester, Ohio

45069.

### Defendant Number # 3:

**8.** The Defendant is '**JOHN DOE # 1'**, the owner(s), lessor, lessee, and/or operator of the lead truck located in front of the parked dump truck impacted by Plaintiff's decedents December 10, 2020 as set forth herein. This/these Defendant(s) are not identified in investigative police data but will be revealed through civil discovery and the pleadings supplemented - amended per the Civil Rules.

### Defendant Number # 4:

**9.**   The Defendant is '**JOHN DOE # 2',**  the sweeper machine and shadow truck's owner(s), lessor, lessee, operator, safety surveyor and/or safety - management consulting entity that approved, authorized or adopted the Defendant's sweeping convoy configuration on I-71-75 in Erlanger, Kentucky December 9th – 10th, 2020.

### JURISDICTION and VENUE

**10.** Jurisdiction is proper the United States District Court for the Eastern District of Kentucky at Covington in that:

- the breach of contract terms, public policy, negligence, negligence per se, gross negligence and reckless disregard for the safety and well being of the traveling public and the wreck of December 10,

6

2020 **occurred on S/B I-71-75 in the city limits of Erlanger, Kenton County, Kentucky in this District and this Division**;

- there exists complete diversity in that:
- the parties Plaintiff are citizens, residents or court ordered representatives in Kentucky, and
- Defendant Sweep America Holdings, L.L.C. and or Sweeping Corporation of America, SCA of Ohio, LLC are foreign legal entities based and maintaining permanent offices in Tennessee and Ohio respectively as styled above, and,
- Defendants John Doe # 1 and # 2 own, operate or employ equipment and/or personnel engaged in the business of street sweeping and conduct regular business operations within the Commonwealth of Kentucky from a home base – permanent business address believed to be in Ohio, which will be verified and specified through discovery, and,
- The two foreign company Defendants maintain serving – registered agents in Kentucky including C T Corporation System, 306 Main Street, Suite 512, Frankfort, Kentucky 40601 and/or are subject to service via certified mail in Kentucky,  and,
- Each claim and cause of action of the individual Plaintiffs as to each individual Defendant meet or exceed the Federal District Court's minimal monetary jurisdictional pre-requisites.

**11.**  Venue is proper in that the representatives of the estates, the plaintiff children and their court appointed guardian, their grandmother, the owner of

7

the pickup truck, the first responders, police, medical professionals and the hospital caretakers all reside and work in this District and Division or in Northern Kentucky – Cincinnati area.

## **FACTS**

**12.**  December 10, 2020 at or about 0004 hours, at or about Mile Marker 185.4 on South Bound Interstate 71 – 75 in the city of Erlanger, Kenton County, Kentucky Plaintiff # 1's decedent, was driving a GMC Sierra pickup truck carrying three passengers, Plaintiff's # 2, #3 and #4, when, upon experiencing difficulty controlling his vehicle, maneuvered it into the left-hand-side emergency lane.

**13.** Defendants, jointly and/or individually, are street sweeping contractors or otherwise related to the contracting with numerous government agencies to provide street sweeping services, equipment and personnel at multiple locations in multiple states, including on I-71-75 at and near Mile Marker 185.4 on dates that include December 9th and 10th, 2020.

**14.**  Without proper and necessary signage, warnings, lighting or safety – crash appurtenances, Defendants, jointly and or individually, had positioned and parked a non-disabled company dump truck (an International Single Axle Dump – USDOT 638708 – Ohio Plate # PKV 4719)) in the left-hand-side emergency lane at the aforesaid location, but failed to place mandatory safety

– warning devices behind the dump truck to warn southbound traffic of its unreasonably dangerous location or that the truck was unattended or that the truck was being operated as part of a slow moving vehicle - convoy by application of a tri-angular red-orange warning sign.

**15.** Just prior to the allision of the pickup truck with the dumptruck, by a 2-way radio communication from co-employee (Mr. Schaeffer, operator of another truck in the sweeping convoy, positioned in front of the parked dump truck), notified the operator of the dump truck, Mr. Klapper, that he was stopping and backing up in a reverse maneuver northward in the South-Bound interior emergency lane.

**16.** At that time Mr. Klapper stopped and parked the dump truck he was operating, physically exited the dump truck, and walked south in the emergency lane, away from the dump truck, leaving that dump truck unattended and without statutory warning devices deployed / displayed per the terms of the contract.

**17.** Upon returning to the dump truck, Mr. Klapper ascended to the driver's seat and felt his truck being struck from behind and pushed forward several yards and into the concrete center divider.

**18.** The impact Mr. Klapper felt was the GMC Sierra pick-up truck, carrying four McIntyre family members, Plaintiffs # 3 and # 4 and Plaintiff's Decedents # 1 and # 2, catastrophically crashing into the 'Klapper dump truck' that

Defendants, had not equipped with an attenuator or an arrow panel.  (See Police Report attached here as Exhibit # 1).

**19.**  Plaintiff's decedents # 1 and # 2, seated in the front seat, suffered mortal injuries succumbing to death.

**20.**  Plaintiff's MJM and LSAM, restrained passengers in the back seat, sustained multiple horrific injuries described below.

**21.**  Plaintiff S.R.H. had stayed home with her great-grandmother, was not in the pickup truck, and sustained a loss of parental consortium.

**22.**  Defendants' employees reported to first responders the dump trucks were supposed to be part of a slow moving convoy-type street sweeping operation. The police and first responders report there was no street sweeper, shadow vehicle(s), warning signs, flags, lighted arrow panels or strobe lights at or near the wreck site.

**INJURIES AND DAMAGES**

**23.**  Plaintiffs # 1 and # 2 are the Court ordered Estates which plead that their decedents suffered mortal injuries from the above defined crash resulting in their wrongful death December 10, 2020.

**24.** Plaintiff # 5 suffered a loss of parental consortium and is living with the shock, mental anguish and emotional pain commensurate with and residual of the loss of her Mother and her step Father.

**25.** Plaintiffs # 3 and # 4 suffered a loss of parental consortium and are living with the shock, mental anguish and emotional pain commensurate with and residual of the loss of their Mother and Father.

**26.** Plaintiffs # 3 and # 4 are the biological minor daughters of the decedents , were severely injured, suffering multiple injuries requiring immediate and extended medical intervention addressing lacerations, multiple fractures including commuted compound fractures requiring surgeries and casting, head injuries, closed head injuries with bleeding on the brain, intra-cranial swelling and blood clotting, a crushed skull requiring reconstructive surgery, to all of which required emergency medical procedures - treatment, hospitalization medications, surgical intervention, rehabilitation, convalescence with familial and professional counseling, observation and supervision, and have and will live with residual injury and damage including pain, suffering, permanent scarring, disfigurement, and also suffering especially pronounced nightmares, repression manifested in refusing to talk and including continuing and progressive worrying and complaints of back pain, to all of which medical intervention is continuing and will be needed into the future.

**27.** The complete damage / injury analysis, diagnosis and prognosis of the injured Plaintiff's as well as the diminution of economic earning capacity and economic loss sustained to the Plaintiff Estates will be provided through medical and official records and placed into evidence by expert witnesses from professional fields including economics, vocational science, medicine and psychology.

## CAUSATION

**28.** Plaintiffs' damages, injuries, losses and wrongful death (KRS 411.130) defined hereinabove are directly and causally proximately related to Defendant's, joint and individual, material breach and negligent failure in application of specified legally mandated contract terms, safety and warning standards and guidance embodied in Master Agreement as Modified # MA 605 effective March 20, 2020; and,

**29.** Defendant's negligence and/or comparative negligence and/or gross negligence, jointly and/or individually, includes vicarious liability for the negligent acts of certain employees in failing to comply with the Manual on Uniform Traffic Control Devices (MUTCD), 'Standard Highway Signs Manual', the 'American Traffic Safety Services association (ATSSA), and 'Title 23, U.S. Code, Sections 109(b)(d) and 402(a)', and 'Highway Safety Program Standard 13' and failure to train, instruct, monitor and supervise Defendant's personnel including Defendant's Safety Director.

12

**30.** Defendants' violations and material breaches of public policy relate to 603 KAR 5:050. Uniform traffic control devices; KRS 189.337, 23 C.F.R. 655.601-655.603; breaching contracts to which Plaintiffs were intended beneficiaries, and,

**31.** Defendants negligence per se' in that numerous statutes and administrative regulations were violated, the purpose of which was to protect the traveling public, specifically Plaintiffs in multiple ways. (KRS 189.820)

**32.** Plaintiffs assert the facts of this case raise a foundational basis for punitive damages and demand same if the factual pre-requisites pursuant to Kentucky law are supported by the evidence developed during discovery.

**WHEREFORE,**

Plaintiffs, jointly and individually, demand judgment against Defendants, jointly and individually, trial by jury on all issues, for full and complete compensatory damages as permitted by law, and punitive damages as warranted and supported by the evidence,  and including physical, mental and emotional pain, worry, suffering and anguish, all medical costs, lost wages and all economic losses and diminution of economic earning capacities, hedonic and disfigurement damages, court costs, expenses, a reasonable attorney fee and pre and post judgment interest, funeral

expenses, and, whether alternatively or additionally, demands all relief sustained by the evidence and deemed by this Honorable Court to be just, fit and proper.

## **VERIFICATION**

_____
Legal Guardian Donna Welch

_____
Administrator Lori Noble

_____
Administrator Douglas McIntyre

Attorney of Record, Signature:

_____
B. Katy Lawrence, KBA# 95762;
Lawrence & Lawrence Law Offices
107 E. High Street, Warsaw, Ky. 41095
P.859-567-8500 F.859-567-8513
katybell86@gmail.com

Above signed counsel certifies electronic filing September 28, 2021 with copy to defendants counsel, Attorney Brian M. Gudalis, Ward, Thacker, Thornton, PLLC, 333 West Vine Street, Suite 1100, Lexington, Kentucky 40507.

14